UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-00020-GFVT-HAI-8 |
| | ) | |
| v. | ) | |
| | ) | |
| WAYNE CARL MARCUS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 1442.]  Defendant Wayne Marcus has been charged with a violation of his supervised release.  On July 21, 2014, Mr. Marcus was sentenced to 100 months of imprisonment followed by a four year term of supervised release upon his plea of guilty to conspiracy to distribute fifty grams or more of a methamphetamine mixture in violation of 21 U.S.C. § 846.  [R. 705.]

On October 23, 2020, Mr. Marcus reported to the U.S. Probation Office in London. A urine sample taken from Mr. Marcus during that visit indicated the presence of methamphetamine.  [R. 1442 at 1.]  Mr. Marcus signed a written admission for such use.  *Id.*  Mr. Marcus's use of methamphetamine constitutes two violations of his supervised release.  First, he has committed a Grace C violation by illegally possessing a controlled substance.  Second, he has committed a Grade B violation by committing a federal, state, or local crime.[1]  *Id.* Additionally, on August 4, 2020, the USPO received a urine analysis from Renew Recovery, an outpatient drug treatment center that Mr. Marcus voluntarily enrolled in upon release, which

---

[1] Because use of an illegal substance equals possession and Mr. Marcus has a prior drug conviction, his use of methamphetamine constitutes a violation of 21 U.S.C. § 844(a).

indicated the presence of Suboxone.  *Id.* at 2.  Mr. Marcus, however, was not charged with a supervised release violation for his use of Suboxone.  *Id.*

On November 6, 2020, Defendant Marcus appeared before Judge Ingram by videoconference for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 1435.]  During the hearing, Mr. Marcus was advised of his constitutional rights.  [R. 1442 at 2.]  Moreover, the United States made an oral motion for interim detention.  *Id.*  Although the Defendant argued for release, Judge Ingram found detention to be appropriate.  *Id.*  On November 13, 2020, Defendant Marcus appeared again before Judge Ingram for his final hearing.  There, Mr. Marcus waived a formal hearing and stipulated to the violations imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a).  *Id.*  The Magistrate Judge found Mr. Marcus to be "competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made," and that the "stipulation [was] consistent with the advice of counsel."  *Id.* at 3.

At the final hearing, the parties disagreed about the appropriate sentence for Mr. Marcus's violations and disputed whether the mandatory exception to revocation and imprisonment found in 18 U.S.C. § 3583(d) was applicable.  The Government sought a sentence of one year of imprisonment followed by four years of supervised release; Defendant sought time-served followed by supervised release and additional conditions regarding his substance abuse treatment.  *Id.*  At the final hearing, the Government stated that the "Defendant completed the five-hundred-hour Residential Drug Abuse Program ("RDAP") during his term of imprisonment and ten hours of substance abuse treatment while on BOP-supervised home confinement prior to formal release to this Court's supervision."  [R. 1442 at 3.]  The Government thus argued that the numerous hours of substance abuse treatment already completed by the Defendant weighed against applying the exception.  *Id.*  Although the

2

Government noted that the Defendant was "employed at the time of the violations, was honest about his methamphetamine use after his positive drug test results, and stipulated to the violations, . . . the violations occurred just two months into [his] term of supervision and after numerous hours of substance abuse treatment had been invested in him." *Id.* Additionally, the government noted that Mr. Marcus's criminal history "indicates a pattern of not complying with the Court's orders and the law" and includes dangerous conduct like burglary and convictions of contempt of court. [R. 1442 at 3-4.] Finally, the Government argued that "a term of imprisonment will act as a general and specific deterrent and also protect the public from the Defendant's criminal behavior." *Id.* at 4.

In response, defense counsel stated that the Defendant was released in April 2020 and soon thereafter graduated from a treatment program that required him to attend counseling once a week. *Id.* Also, during that same period of time, Mr. Marcus's mother passed away and defense counsel stated that, "despite such a traumatic event often being a trigger for people in recovery, Defendant was able to find healthy ways to cope with his loss." *Id.* Moreover, Mr. Marcus maintained steady employment—often working over fifty hours a week. *Id.* Defense counsel also referenced Mr. Marcus's voluntary enrollment in Renew Recovery while he waited two-months for his Court-imposed treatment to begin, that he began using drugs at the age of twelve and had never received drug abuse treatment at the time of his conviction in 2014, and that Defendant's release "marked the first time since his drug abuse began that he had been sober and not in state or federal custody". *Id.* at 4-5. Finally, defense counsel described Mr. Marcus's use of Suboxone and methamphetamine as mistakes, but argued that "in light of [his] accomplishments and the availability of his job to return to," the exception to mandatory revocation and imprisonment should be applied to his case. *Id.* at 5.

After hearing both arguments, Judge Ingram next evaluated the entire record and considered all of the 18 U.S.C. § 3553 factors imported into the § 3583(e) analysis in determining whether to apply the exception to mandatory revocation and imprisonment in this case.  Under Section 3583(e), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  Here, Mr. Marcus was convicted of conspiracy to distribute fifty grams or more of a methamphetamine mixture, a Class B felony. *See* 18 U.S.C. § 3559(a)(2); 21 U.S.C. § 841(b)(1)(B).  Class B felonies carry a maximum revocation sentence under § 3583 of thirty-six months of imprisonment.  18 U.S.C. § 3583(e). Under § 3583(h) and § 841(b)(1)(B), there is no maximum term of supervised release that may be re-imposed.

The United States Sentencing Guidelines' Policy Statements in Chapter 7 "provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the 'grade' of the particular violation proven."  [R. 1442 at 6; *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-49 (6th Cir. 2007).]  The Guidelines also instruct that "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."  U.S.S.G. § 7B1.1(b). Here, Defendant's admitted conduct in Violation #1 qualifies as a Grade C violation.  His admitted conduct in Violation #2 qualifies as a Grade B violation.  Thus, given Mr. Marcus's criminal history category of IV (the category t the time of conviction in the District), and a Grade B violation, Defendant's range, under the Revocation Table of Chapter Seven, is twelve to eighteen months.  *See* U.S.S.G. § 7B1.4(a).

Next, Judge Ingram stated that "[b]y statute, the Court must revoke Defendant because he possessed a controlled substance."  [R. 1442 at 6' 18 U.S.C. § 3583(g)(1).]  Judge Ingram

4

indicated, however, that "even if revocation and imprisonment were not mandated by Congressional directive, revocation and imprisonment would be appropriate in this case." [R. 1442 at 6.] In his analysis, the Magistrate Judge first considered the nature and circumstances of Mr. Marcus's conviction and determined that his underlying crime was "troubling and serious." *Id.* at 7. Judge Ingram also found Mr. Marcus's drug use while on supervised release poses a risk of returning to criminal conduct, which is dangerous to the public. *Id.* Next, Judge Ingram found that Mr. Marcus's "repeated drug use (of Suboxone and the methamphetamine) very shortly after being released and after completing RDAP" to indicate that, although more drug treatment is needed, the exception to prevent Mr. Marcus from being imprisoned to attend more treatment and education was inappropriate in his case. *Id.* at 7-8. Next, the Magistrate Judge indicated that Mr. Marcus's violation of the Court's trust soon after being released weighed against the exception being applied. *Id.* at 8. Finally, regarding the need to avoid unwarranted sentencing disparities, Judge Ingram found a below-Guidelines range of six months followed by four years of supervised release to be appropriate because the "Defendant's accomplishments thus far are significant and imposing a sentence that will aid in the continuance of that progress is preferred." *Id.* at 9. The Magistrate Judge indicated that the four years of supervised release will "give Defendant more stability, more opportunities for treatment, and plenty of time to prove he can function without drugs." *Id.* The Magistrate Judge also found that the first six months of Mr. Marcus's supervised released should be conducted as home confinement to promote his sobriety. *Id.* The Court agrees with this recommendation and echoes Judge Ingram's statement that the "Defendant is warned that he cannot expect leniency again." *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Marcus has not filed any objections to Judge

Ingram's Report and Recommendation and filed a waiver of allocution on December 1, 2020. [R. 1444.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Report and Recommendation [R. 1442] as to Defendant Wayne Carl Marcus is **ADOPTED** as and for the Opinion of the Court.

2.  Defendant Marcus is found **GUILTY** of all violations;

3.  Mr. Marcus's Supervised Release is **REVOKED**;

4.  Mr. Marcus is hereby **SENTENCED** to a term of incarceration of six months;

5.  Mr. Marcus's supervision term is re-imposed for a period of four years on the same conditions previously imposed with an additional special condition that Defendant shall be placed on home detention for a period of six (6) months, to commence upon release from confinement;

6.  Mr. Marcus's allocution hearing set for December 18, 2020 is hereby **CANCELLED** as Defendant Marcus has since filed a waiver of allocution [R. 1444.];

7.  Judgment shall enter promptly.

This the 10th day of December, 2020.

Gregory F. Van Tatenhove
United States District Judge